IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alexander W. Thompson, | ) |
| | ) |
| Plaintiff, | ) **No. 1:13-cv-00367 - Erie** |
| | ) |
| v. | ) |
| | ) |
| National Football League, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a).**

The National Football League, NFL Films, Inc., and NFL Productions, LLC ("NFL Defendants") have moved this Court pursuant to 28 U.S.C. § 1404 to transfer this action to the United States District Court for the District of Minnesota. The NFL Defendants claim that this action should be transferred to the United States District Court for the District of Minnesota because the presence of a related, earlier-filed case in that district, *Dryer v. Nat'l Football League,* No. 09-2182, "overwhelmingly" favors transfer there, and because the factors identified in *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir. 1995), are either neutral or favor transfer. However, it is Plaintiff's position that this action should not be transferred to the District of Minnesota because (1) an analysis of the *Jumara* factors strongly favors denial of the NFL Defendants' Motion, and (2) the NFL Defendants' contention that this action should be transferred to Minnesota because the three current *Dryer* plaintiffs filed their action first is based

on easily distinguishable cases.  Hence, the NFL Defendants' Motion to Transfer should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a retired NFL football player.  He has been injured as a result of NFL Defendants' unauthorized use of his identity, including but not limited to his name, image, symbol, and likeness, for the purpose of promoting the NFL, selling NFL-related products, and otherwise generating income for the NFL Defendants and the NFL's member teams.  Plaintiff is among the 2116 former NFL players that successfully requested exclusion from the class action settlement of *Dryer v. Nat'l Football League,* No. 09-2182 (D. Minn.).  *See Dryer,* Docket 446, December 3, 2013 Order Amending List of Individuals to be Excluded from the Settlement Class; Shipp Declaration ¶ 2, Exhibit A.

## THE NFL DEFENDANTS' BURDEN OF PROOF

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Not without significance is the NFL Defendants' absolute silence in their moving papers concerning the heavy burden of proof they face in relation to their present Motion.  Plaintiff's choice of venue "should not be lightly disturbed".  *Jumara v. State Farm Ins. Co.,* 55 F.3d at 879.  Indeed, federal courts have long recognized that a plaintiff's choice of forum is a "paramount consideration" and "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Polin v.*

*Conductron Corp.*, 340 F.Supp. 602, 604 (E.D.Pa. 1972) (quoting *Shutte v. Armstrong Steel Corp.*, 431 F.2d 22 (3d Cir. 1970) (emphasis in original).[1]

## ARGUMENT

**I.     This action should not be transferred to the District of Minnesota.**

The NFL Defendants contend that because six former NFL players brought a class action in the District of Minnesota in 2009 in relation to their publicity rights claims, and because three of those players, having opted-out of a class action settlement, will be going to trial in that District in June of this year in relation to those claims, Plaintiff here and the 630 former players that have brought the related action in this Court of *Tatum v. Nat'l Football* League, Case No. 2:13-cv-01814 action should be denied their proper choice of venue and be forced to litigate their claims nearly a thousand miles away in a forum that is utterly inconvenient for them.  Ignoring the primacy of the Plaintiff's choice of venue in the present analysis, the NFL Defendants instead choose to advocate for application of a *per se* rule, where a case must always be transferred because of the presence of a related, earlier filed case in another district.  However, no such rule exists, and under the proper analysis found in controlling Third Circuit precedent, the NFL Defendants' Motion to Transfer should be denied.

   **A.     An analysis of the *Jumara* factors strongly favors denial of the NFL Defendants' Motion.**

Again, section 1404(a) permits such a transfer "for the convenience of parties and witnesses" and "in the interest of justice".  The Third Circuit has enumerated a multi-factorial

---

[1] *See also Jackson v. Saber Healthcare Group LLC*, No. 13-cv-3690, 2013 WL 6210482, at *5 (E.D. Pa., November 26, 2013) ("Plaintiff's choice of a forum is given great deference, and should not be lightly disturbed."); *Smith v. Milton Hershey School*, No. 11-7391, 2012 WL 1966125, at *2 (E.D. Pa., June 01, 2012 (No. 11-7391) (quoting *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir.1970)) ("[A] plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request, and that choice ... 'should not be lightly disturbed.'"; *Baire v. Consolidated Rail Corp.* 543 F.Supp. 584, 586 (W.D. Pa. 1982) ("In order to overturn the plaintiff's choice of forum, the party seeking the transfer bears a heavy burden of showing a strong balance of inconvenience.").

balancing test for courts to consider in deciding a motion to transfer. *See Jumara*, s*upra.* The private factors include plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara*, 55 F.3d at 879. The public factors include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-880.

In relation to the private factors:

(1) Plaintiff here chose to file his action in the Western District of Pennsylvania. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request . . ." *Shutte v. Armstrong Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). However, the NFL Defendants utterly fail to acknowledge the dominance of this factor in a section 1404(a) analysis. Instead, the NFL baldly claims that this supreme factor has no weight because this action "concerns claims that arose in several States." Defendants' Memorandum of Law in Support of their Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) at 11. Hence, the NFL's only argument in relation to the supreme factor in the *Jumara* analysis is a single sentence unsupported by any authority whatsoever. Perhaps decisively, the NFL has missed the mark entirely in relation to the "paramount" factor before this Court, completely failing to properly address Plaintiff's strongest argument against transfer to Minnesota.

(2) The NFL Defendants prefer to litigate in the District of Minnesota.  This is the sole *Jumara* factor favoring transfer.

(3) Plaintiff agrees with the NFL that the "whether claims arose elsewhere" factor is neutral in relation to the question of transferring this action.

(4) In relation to the "convenience of the parties indicated by their relative physical and financial condition" factor, the NFL Defendants contend that this factor favors transfer to Minnesota, because it "is more centrally located in the United States and can better accommodate plaintiffs and witnesses on both coasts".  Defendants' Memorandum of Law at 12.  First, in an age of airline travel, Minneapolis and Pittsburgh are equally convenient to witnesses on both coasts.  Further, Counsel for Plaintiff are located in Pittsburgh.  Hence, forcing Plaintiff to litigate his claim in Minneapolis will entail untold added expense to this action.  On the other hand, the NFL is accustomed to litigation in Pennsylvania.  Indeed, just two years ago the NFL itself moved to centralize the vast, nationwide concussion litigation against it in Pennsylvania.  *See In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, Docket No. 1, Transfer Order (Jan. 31, 2012), Shipp Declaration ¶ 3, Exhibit B.  Hence, this convenience factor weighs in favor of denying transfer.

(5) In relation to the "convenience of the witnesses", Plaintiff agrees with the NFL Defendants that witnesses will be available for trial either here or in Minnesota.  However, the NFL Defendants' concern about duplicative witness appearances are misplaced because there will be duplicative appearances by witnesses even if this case is transferred.  As the NFL Defendants state, the three plaintiffs with cases pending in Minnesota are going to trial in June.  Defendants' Memorandum of Law at 5.  It is not possible, with the pleadings here not even closed, that Plaintiff will be ready for trial in June.  Hence, this factor is neutral.

(6) Similarly, Plaintiff agrees with the NFL Defendants that books and records maybe produced either here or in Minnesota. Just as similarly, the NFL Defendants' concern about duplicative discovery is misplaced. Plaintiff will undertake all reasonably prudent measures to avoid duplicative discovery. However, regardless of the forum, Plaintiff does not anticipate altering his course of discovery. Hence, this factor is also neutral.

In relation to the public factors:

(7) Plaintiff agrees with the NFL Defendants that "the enforceability of the judgment" is equal here and in Minnesota. Hence, this factor is neutral.

(8) In relation to "practical considerations that could make the trial easy, expeditious, or inexpensive," the NFL Defendants contend that the factual record and the court's familiarity with the issues make this factor militate for transfer to Minnesota. Plaintiff disagrees. It will be far more costly for Plaintiff to litigate in Minnesota than in Pennsylvania for the reasons stated in (4), *supra*. And again, the NFL itself has asked to have other litigation transferred to Pennsylvania. Moreover, the "expansive factual record" developed in the *Dryer* action may be inexpensively and easily supplied to Plaintiff in electronic form. Further, considering that there have been fewer than 20 pages of actual substantive opinion by the Minnesota Court in relation to the *Dryer* action, *see infra* at (12), Plaintiff has no reason to believe that this Court cannot familiarize itself with the issues involved with relative ease. Hence, this factor weighs in favor of denial of transfer.

(9) In relation to "the relative administrative difficulty in the two fora resulting from court congestion", Minnesota's District Court has almost 50% more pending cases than this

District, and has more than twice as many pending cases per judgeship than this District (575 to 277).[2]  This factor weighs against transfer.

(10)    Plaintiff agrees with the NFL Defendants that "the local interest in deciding local controversies at home" factor is neutral.

(11)    Plaintiff agrees with the NFL Defendants that "the public policies of the fora" factor is neutral.

(12)    In relation to the "familiarity of the trial judge with the applicable state law in diversity cases" factor, the NFL Defendants claim that this litigation concerns "the laws of dozens of states" and that "Judge Magnuson in Minnesota has already familiarized himself with those laws."  Defendants' Memorandum of Law at 14.  Plaintiff disagrees with both of these characterizations.  In the first place, even if the laws of dozens of states did apply to Plaintiff's claims, the NFL Defendants' bald assertion that the Minnesota Court is familiar with all of these laws is not supported by the record in the *Dryer* case.  In the four-and-one-half years that *Dryer* has been pending, the Minnesota Court addressed the substantive law of the claims only twice.  The first time was in 2010 when the Court denied the NFL's motion for judgment on the pleadings.  *See Dryer v. NFL*, 689 F.Supp. 2d 1113 (D.Minn. 2010).  Therein, the only substantive state law even mentioned was in relation to case law dealing with California and Missouri law.  *See id.*  The second time was in 2012, when the Court denied the NFL's motion for partial summary judgment in relation to choice of law and statute of limitation issues.  *See*

---

[2] *See* U.S. Courts, *U.S. District Court –Judicial Caseload Profile* for Minnesota and Pennsylvania Western, excerpted from *United States District Court—National Judicial Caseload Profile*, available at http://www.uscourts.gov/uscourts/Statistics/FederalCourtManagement Statistics/2013/district-fcms-profiles-september-2013.pdf; Shipp Declaration ¶ 4, Exhibit C.

7

*Dryer* Docket 247, Memorandum and Order (Dec. 11, 2012), Shipp Declaration ¶ 5, Exhibit D. Therein, the only substantive law analyzed was that of Minnesota. *See id.*[3]

Thus, though the NFL Defendants characterize the Minnesota Court as being familiar with the relevant law of dozens of states in relation to the *Dryer* matter, the actual record in that action does not support such an assertion. Hence, contrary to the NFL Defendants' assertion, this last factor is also neutral.

In summary, only one of the *Jumara* factors actually weighs in favor of transferring this case to Minnesota — the desire of the NFL Defendants — while four militate in favor of denial of transfer, including the "paramount" choice of the Plaintiff. Thus, the NFL Defendants have fallen far short of meeting their "heavy burden" of demonstrating the propriety of transfer and their Motion should be denied.

**B.    The NFL Defendants' contention that this action should be transferred to Minnesota because the three current *Dryer* plaintiffs filed their action first is based on easily distinguishable cases.**

Despite controlling Third Circuit law concerning the principal importance of the Plaintiff's choice of venue, *see supra*, the NFL Defendants focus their analysis on their contention that an earlier-filed, related case "is the dominant factor in the [transfer] analysis". Defendants' Memorandum of Law at 7. However, they are unable to cite any controlling precedent for their contention that the existence of an earlier-filed, related case in another district requires transfer *per se*. Indeed, no such precedent exists.

Instead, they string-cite numerous cases, the vast majority of which are not reported, for the proposition that the mere preexistence of the related *Dryer* action in Minnesota, which again

---

[3] Moreover, it is far from clear that it will ever be necessary to analyze multiple States' laws. Although the *Dryer* court did no substantive analysis of other States' law, it did note that "[i]t may be that corporate discovery may reveal that all of the relevant decisions regarding the use of Plaintiffs' images were made in New Jersey, for example, so that New Jersey law may be constitutionally applied to the claims." *See Dryer* Docket 247, Memorandum and Order at 7; Shipp Declaration ¶ 5, Exhibit D.

8

starts trial in June, compels this Court to transfer the action to Minnesota. These cases[4] are distinguishable from the present action, as they involve: more related cases in the transferee

---

[4] Namely, *Mylan v. Boehringer Ingelheim Int'l*, No. 09-990, 2010 WL 1142040 (W.D. Pa. Mar. 24, 2010) (transferring antitrust case with two plaintiffs filed in W.D. Pa. that was intertwined with patent case filed in D. Del. 5 years prior by defendant against plaintiff and another corporation); *Schiller Pfeiffer, Inc. v. Country Home Products, Inc.*, No. 04-CV-1444, 2004 WL 2755585 (E.D. Pa. Dec. 1, 2004) (transferring cases involved the same parties as transferee court); *Joyce v. Hoffman-Laroche*, NO. 86-7251, 1987 WL 12306 (E.D. Pa. June 5, 1987) (transferring action involving one plaintiff to D.N.J., where eleven actions were pending, including one that had been joined by nearly 400 plaintiffs); *Prudential Ins. Co. of Am. v. Rodano*, 493 F.Supp. 954 (E.D. Pa. 1980) (transferring case with one plaintiff to D. Md., where two interpleader actions were already pending regarding decedent's insurance policies; most witnesses, records and documents were in Maryland or Washington, D.C. vicinity); *Blender v. Sibley*, 396 F.Supp. 300 (E.D. Pa. 1975) (transferring a class action where location of corporate defendants, residency of 5 of 10 individual defendants, and location of witnesses and documents – "by far the most convincing factor in favor of transfer" — weighed heavily in favor of transfer; pendency of related action was one of last two factors considered.); *AMG Industries Corp. v. Lyon*, No. 05-0173, 2005 WL 3070922 (W.D. Pa. Nov. 16, 2005) (transferring case with three plaintiffs transferred to D. N.J., where other action was pending; many of the claims concerned conduct of attorney licensed in N.J.) *D&L Distribution, LLC v. Agxplore International, LLC*, No. 12-cv-00810, 2013 WL 1234810 (E.D.Pa. Nov. 5, 2005) (transferring case with two plaintiffs to E.D. Missouri, where a case filed two weeks prior was pending); *Canon Financial Services, Inc. v. JL Barrett Corp.*, No. 10-4117, 2010 WL 4746242 (D. N.J. Nov. 16, 2010) (transferring case with one plaintiff to D. Utah, where another action was pending; case had been filed in D. N.J. because of mandatory forum selection clause in lease, but the equipment at issue, witnesses, as well as documents and records, were located in Utah); *Transcore, L.P. v. Mark IV Industries Corp.*, No. 09-2789, 2009 WL 3365870 (E.D. Pa. Oct. 15, 2009) (transferring case with one plaintiff to D. Del., where other action was filed one month prior and no other factors weighed one forum more than the other); *Max. Human Performance, Inc. v. Dymatize Enters, Inc.*, No. 09-235, 2009 WL 2778104 (D. N.J. Aug 27, 2009) (transferring with case with one plaintiff to N.D. Tex., where another action filed one week prior was pending; all other factors weighed heavily in favor of transfer to Texas); *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc., ,et al.*, No. 09-2552, 2009 WL 1845236 (E.D. Pa. June 26, 2009) (transferring case with one plaintiff to E.D. Mich. where there were no assertions that location of witnesses favored E.D. Pa.); *Carson Helicopters, Inc. v. Houston Casualty Co.*, No. 08-5301, 2009 WL 1688472 (E.D. Pa. June 16, 2009) (transferring case with two plaintiffs to forum where eight actions were pending); *U.S. Fire Insurance Co. v. World Trucking, Inc.*, No. 07-cv-1153, 2008 WL 413310 (D. N.J. Feb. 13, 2008) (transferring declaratory judgment case with two plaintiffs to E.D. Tenn. where second filed declaratory judgment action had been consolidated with underlying personal injury suit "promoting the purpose of the Declaratory Judgment Act"); *Montgomery v. Schering-Plough Corp.*, No. 07-194, 2007 WL 614156 (E.D. Pa. Feb 22, 2007) (transferring second filed class action with one named plaintiff to D. N.J., where related class action was pending); *Travelers Indemnity Co. v. E.F. Corporation*, No. 95-5660, 1997 WL 135819 (E.D. Pa. Mar. 17, 1997) (transferring case with one plaintiff to forum of pending action only 65 miles away, determining that there would

be great overlap of witnesses); *Tsouris v. The Shaw Group Inc.*, No. 09-387, 2009 WL 3192936 (W.D. Pa. Oct. 6, 2009) (transferring case with one plaintiff to E.D. Tenn., where this very plaintiff had filed pending class action and only connection to forum was letter sent to human resources department in PA); *Allegheny Technologies, Inc. v. Strecker*, No. 06-666, 2007 WL 852547 (W.D. Pa. Mar. 16, 2007) (transferring case with one plaintiff to D. Oregon where a related action was pending, where Oregon had previously been designated choice of forum in document between parties); *Hanover Fire & Casualty Ins. Co. v. Sieron*, No. 06-2758, 2007 WL 120058 (E.D. Pa. Jan. 9, 2007) (transferring case with one plaintiff to district where location of burned properties at issue, witnesses, and all incorporation was in Illinois); *Kisko v. Penn Central Transportation Co., et al.*, 408 F.Supp. 984 (M.D. Pa. 1976) (transferring case with one plaintiff to W.D.N.Y. where three related cases were pending and "transfer of this case does not compel him to present his claim in a remote jurisdiction"); *Penn's Landing Marine Trade Center Associates v. Coastal Eagle Pointoil Co., Inc.*, No. 96-cv-2098, 1996 WL 547208 (E.D. Pa. Sept. 25, 1996) (transferring case with one plaintiff to D.N.J., because close proximity of courts lead to conclusion that location of witnesses and discovery would not be impacted by location of action and fact that a lifting of injunction against an entity would mean an attempt to implead it in E.D. Pa.); *American Institute for History Education, LLC v. E-Learning System, International*, LLC, No. 10-2607, 2010 WL 4746233 (D.N.J. Nov. 16, 2010) (transferring case with one plaintiff to N.D. Tex. where action filed nine months prior to first was pending and extensive discovery would be warranted); *United States ex rel. Penizotto v. Bates East Corp.*, No. 94-3626, 1996 WL 417172 (E.D. Pa. July 18, 1996) (transferring qui tam action with one plaintiff to C.D. Cal. because United States is real plaintiff in qui tam action and hence relator's choice of forum is given little weight; moreover, relator consented to transfer of case to California); *Stephen L. LaFrance Holding Inc. v. National Milk Producers Federation, et al.*, No. 12-70, 2012 WL 3104837 (E.D. Pa. July 31, 2012) (putative class action of direct purchasers of milk products transferred to N.D. Cal., where three actions were pending); *Platinum Partners Value Arbitrage Fund, L.P. v. TD Bank, N.A.*, No. 10-6457, 2011 WL 3329087 (D. N.J. Aug. 2, 2011) (transferring case with two plaintiffs to S.D. Fla where there were 4 related actions pending and all actions arose out of Ponzi scheme which was carried out in Florida, most non-party witnesses were located in Florida, and principals from party plaintiffs would already have to travel to Florida because of involvement in related actions); *Schlenker v. Immucor, Inc.*, No. 2:09-CV-04297, 2009 WL 5033972 (E.D. Pa. Dec. 22, 2009) (putative class action transferred to N.D. Ga., where putative class action was filed one month prior); *Sovereign Bank v. BJ.'s Wholesale Club, Inc., et al.*, No. 05-431, 2005 WL 975477 (E.D. Pa. Apr. 26, 2005) (transferring case with one plaintiff to M.D. Pa., where a related action was pending against defendant); *Lawrence v. Xerox Corp.*, 56 F.Supp.2d 442 (D. N.J. 1999) (putative class action of employees seeking to recover stock to W.D. Tex, where there was pending action and court noted that where neither party discussed or established which was more convenient district for witnesses and parties, presumption in favor of plaintiffs' choice of forum continued by default); *Gaglioti v. International Cosmetic Laboratories, et al.*, No. 92-5077, 1993 WL 492801 (E.D. Pa. Nov. 29, 1993) (transferring case with one plaintiff to D. N.J. because court lacked personal jurisdiction over one of the defendants and were claims were over a year old and ready to proceed to trial, dismissing claims and forcing plaintiff to file new action against that defendant would be "a tremendous waste of judicial resources."); *QVC, Inc. v. Patiomats.com, LLC*, No. 12-3168, 2012 WL 3155471 (E.D. Pa. Aug. 3, 2012) (transferring case with one plaintiff to M.D. Fla. where earlier filed action was pending and witnesses, books and records were located; court noted that relative physical and financial condition of QVC weighed in favor of transfer because of its

forum; cases filed relatively contemporaneously hence enabling efficient joint litigation; and/or other compelling *Jumara* factors favoring transfer.

Even if the forum choice of Plaintiff were not given the supreme consideration due, the rationales for transfer offered by the NFL Defendants simply don not apply here. NFL Defendants cite the following benefits of transferring an action to a forum where a related action is already pending:

> (1) pretrial discovery can be conducted more efficiently; (2) the witnesses can be saved time and money, both with respect to pretrial and trial proceedings; (3) duplicitous litigation can be avoided, thereby eliminating unnecessary expense to the parties and at the same time serving the public interest; (4) inconsistent results can be avoided.

Defendants' Memorandum of Law at 8, quoting *Montgomery v. Schering-Plough Corp.*, No. 07-194, 2007 WL 614156 (E.D. Pa. Feb 22, 2007) at *3.

However, as already noted, the claims of the three *Dryer* plaintiffs have been pending for four-and-one-half years and are ready for trial. Hence, there will be no way coordinate pretrial discovery, save certain witnesses from testifying twice, or duplicating trial, even if this action is transferred. The only rationale listed by the NFL Defendants that might possibly be applicable is the concern of inconsistent results. However, this Court, if it chooses, may consider the decisions of the Minnesota Court and, if it finds them persuasive, take what it likes from them. In any event, this potential concern, coupled with only the desire of the NFL Defendants, is utterly insufficient to overcome the Plaintiff preference to litigate here in the Western District

---

nationwide business); *LG Electronics, Inc. v. First International Computer, Inc.*, 138 F.Supp.2d 574 (D. N.J. 2001) (transferring patent infringement case with one plaintiff action transferred to N.D. Cal. where three patent infringement actions were pending and where operative facts arose and where numerous non-party witnesses and documents were located); *Aventis Pharma S.A. v. Sandoz Inc.*, No. 06-3671, 2007 WL 1101228 (D. N.J. Apr. 10, 2007) (transferring case where same single plaintiff sued defendant in two different district courts and case transferred to forum where earlier action was pending).

and the other *Jumara* factors that manifestly call for this Court to deny the NFL Defendants' Motion to Transfer.

## CONCLUSION

For the previously stated reasons, NFL Defendants' Motion should be denied.

February 18, 2014                                     Respectfully submitted,

                                                      GOLDBERG, PERSKY & WHITE, P.C.


                                      By:     */s/Jason T. Shipp*
                                              Jason E. Luckesevic, Esq.
                                              PA I.D. # 85557
                                              Jason T. Shipp, Esq.
                                              PA I.D. #87471

                                              1030 Fifth Avenue
                                              Pittsburgh, Pennsylvania 15219
                                              (412) 471-3980 (phone)
                                              (412) 471-8308 (facsimile)